LUTTIG, Circuit Judge,
dissenting:
We have previously observed that the Medicare and Medicaid provisions “are among the most completely impenetrable texts within the human experience.” Rehabilitation Ass’n. of Virginia v. Kozlowski, 42 F.3d 1444, 1450 (4th Cir.1994). While, as a general matter, this is no doubt true, the particular provision with which we are concerned here, 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II), actually is relatively clear. It provides in relevant part that the Medicaid proxy should include “the number of the hospital’s patient days ... which consist of patients who (for such days) were eligible for medical assistance under a State [Medicaid] plan.” “Medical assistance,” in turn, is a defined term, meaning “payment of part or all of the cost” of certain specified medical services. 42 U.S.C. § 1396d(a) (emphasis added). Section 1395ww(d)(5)(F)(vi)(II) thus effectively reads that the Medicaid proxy should include “the number of the hospital’s patient days ... which consist of patients who (for such days) were eligible for [payment of part or all of the cost of medical services] under a State [Medicaid] plan.”
According the statute’s parenthetical phrase “for such days” its natural meaning as a cross-reference to the “hospital patient days,” or “inpatient days,” referenced earlier in the same sentence — the only “days” to which the parenthetical could possibly refer —the plain meaning of the statute is that a hospital may include in its “hospital patient days” only those days for which a patient was eligible to receive payment for his inpatient .hospital care. Cf. 51 Fed.Reg. 31460 (Sept. 3, 1986) (Medicaid fraction includes “patient days for which the Medicaid patient was eligible to have his or her [hospital] care paid for by the Medicaid program”). Thus the statute’s title: “Payments to hospitals for inpatient hospital services,” see 42 U.S.C. § 1395ww (emphasis added). Since patients who do not meet state day limitations are ineligible for payment of any of the cost of their inpatient hospital care, their in-hospital days are not, according to the statute’s plain language, to be included in the Medicaid proxy.
In the course of rejecting the Secretary’s plain meaning interpretation of section 1395ww(d)(5)(F)(vi)(II), the majority declines to read the parenthetical clause “for such days” as referencing a patient’s in-hospital days, interpreting the clause instead as modifying the subsequent term “eligibility.” The clause, says the majority, merely serves as a “clarification” of what it perceives to be the statute’s limitation that, for each patient day claimed, the patient must have met state income and resource qualifications. See ante at 989. The majority thus interprets the statute so as to allow a hospital to include in its “hospital patient days” all days on which a patient was entitled to receive payment for any service listed in section 1396d (for example, the fitting of “dentures,” see 42 U.S.C. § 1396d(a)(12)). See ante at 989 (a patient who is eligible to receive payment for any one of the twenty-four services listed in section 1396d “remains ‘eligible for medical assistance’ as the statute defines that term.” (citations omitted)).
So understood, however, the parenthetical is, as the Secretary notes, superfluous, for the provision would have precisely the same meaning- absent the parenthetical: “Hospital patient days” would still comprise only those days for which patients were “eligible” for medical assistance under the various state laws governing Medicaid qualification. Indeed, if the parenthetical is understood as *992 the majority does, it tends to confuse, not to clarify, the meaning of the statute.
Nor is the parenthetical necessary, as the majority suggests, in order to ensure that all of the days that a patient is in the hospital are not included in the proxy simply because the patient was eligible for Medicaid on some of the days during his hospital stay. See id. Because the statutory unit of measure is “patient days,” it would have been clear even without the parenthetical that a hospital could not include in the proxy those days as to which a patient was ineligible for any form of medical assistance.
The majority also concludes that according the parenthetical clause its plain meaning would render section 1395ww(d)(5)(F)(vi)(II) contradictory to section 1396d’s definition of “medical assistance.” See ante at 989. This is simply not so. The Secretary reads the “for such days” parenthetical as a plain and simple cross-reference to the inpatient hospital days referenced earlier in the sentence, a cross-reference that was almost certainly thought necessary because, and only because, the statute somewhat awkwardly defines a hospital’s patient “days” in terms of “patients” eligible for certain medical assistance. Understood in the way urged by the Secretary, the parenthetical does not “preclude! ] reading ‘medical assistance’ as referring to any of the other twenty-four services listed in § 1396d,” or otherwise serve to limit the scope of services statutorily recognized in section 1396d. Compare ante at 989. That Congress, in section 1395ww(d)(5)(F)(vi)(II), allowed inclusion in a hospital’s “patient days” only of those inpatient days for which a patient was eligible to receive payment has no effect at all on section 1396d’s definition of “medical assistance.”
The majority believes that the plain-meaning interpretation of the statute requires that “an otherwise Medicaid-eligible patient who has exhausted his coverage for inpatient hospital care is no longer ‘eligible for medical assistance’ because he can no longer receive payment for inpatient services,” that the term “medical assistance” does not always include all of the twenty-five services listed in section 1396d. See ante at 988-89. However, this is not the consequence of the Secretary’s interpretation. The Secretary fully recognizes, and her interpretation allows, that such a patient may still be eligible for payment of costs incurred in connection with services other than inpatient hospital care. Her point, reinforced by her interpretation of the statute, is not that such a patient is no longer eligible for medical assistance of any type, but, rather, that section 1395ww(d)(5)(F)(vi)(II) is wholly unconcerned with patients’ eligibility for the payment of medical services that are unrelated to inpatient hospital care, as the title of the statute, by negative inference, confirms.
The majority, of course, ultimately rejects the Secretary’s plain meaning interpretation of the statute as a whole solely on the ground that Congress used the word “entitled” in the Medicare proxy, see 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I), whereas it used the word “eligible” in the Medicaid proxy, at issue here. Because of the different word choices in the two different provisions, the majority reasons, as did the district court, that Congress must not have intended for the word “eligible” to be interpreted to mean “entitled.” Ordinarily, I, too, would ascribe significance to this different choice of terminology. And were I to do so, I would likely accept the majority’s distinction between these two terms, although it is the case that dictionaries tend to define the terms by reference to each other. Indeed, somewhat surprisingly, Webster’s Third New Inti. Dictionary 736 (1986), lists as the original definition of “eligible,” “entitled to something.” In this particular context, however, imputing purpose to Congress’ different word choice is simply unwarranted. Congress has, throughout the various Medicare and Medicaid statutory provisions, consistently used the words “eligible” to refer to potential Medicaid beneficiaries and “entitled” to refer to potential Medicare beneficiaries for no reason whatever that anyone (including the Secretary, who is intimately familiar with the statutes at issue) has been able to divine. See generally Jewish Hospital v. Secretary of Health and Human Services, 19 F.3d 270, 278-79 (6th Cir.1994) (Batehelder, J., dissenting). Indeed, this very distinction in terminology is carried forward into section *993 1395ww(d)(5)(F)(vi)(II) itself, wherein Congress allows inclusion in the Medicaid proxy of only the patient days for those patients who were eligible for Medicaid benefits, but who were not entitled to Medicare benefits. In other portions of the statute, the terms “eligible” and “entitled” are even used interchangeably. See, e.g., 42 U.S.C. § 426a; id. at § 1395Í-2. In these circumstances, I just cannot see ascribing to Congress an affirmative intention to have the terms interpreted differently.
In sum, I am convinced that Congress did, as the Secretary argues, plainly allow hospitals, in this provision governing “Payments to hospitals for inpatient hospital services,” to include in their “hospital patient days” only those days for which patients were eligible to receive payment for their inpatient hospital care. But I have no doubt whatsoever that, at the very most, the statute is ambiguous for the combined reasons set forth in the two opinions for our court. In either event, reversal of the district court’s judgment is required. Accordingly, I dissent.